UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                          Case No. 19-CR-20

MICHAEL J. PROPST,

        Defendant.

## SENTENCING MEMORANDUM

Michael J. Propst, by counsel, hereby submits this sentencing memorandum. Counsel requests that the Court impose a sentence of five years incarceration to be followed by three years of supervised release. As grounds, counsel submits the following.

**I.    Procedural History**

On February 5, 2019, Propst was charged in a six-count indictment with three counts of making interstate communications with threats to injure and three counts of anonymous telecommunications harassment, contrary to 18 U.S.C. § 875(c) and 47 U.S.C. § 223(a)(1)(C). Docket No. 1; PSR ¶1. He made his initial

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

1

Case 1:19-cr-00020-WCG   Filed 07/04/19   Page 1 of 11   Document 13

appearance on February 11, 2019, and was detained. Docket Nos. 4, 7. Propst has been housed at the Brown County jail for the entire pendency of this case. On April 10, 2019, pursuant to a written plea agreement, Propst entered guilty pleas to counts one, three, and four of the indictment, those being two counts of threatening communications and one count of harassing telephone calls. Docket Nos. 8, 9. Sentencing is scheduled for July 8, 2019.

## II.     Nature and Circumstances of the Offense

The PSR and plea agreement adequately summarize the facts of the case. In brief, on or about June 12, 2018, Propst used a cellular telephone to make threatening and harassing telephone calls to two daycare centers located in Indiana. Propst was under investigation for similar calls made to other locations in different states, the scope of which is detailed in the offense conduct portion of the PSR. Based on his guilty pleas in this matter, the United States Attorney's Offices for the Eastern District of Wisconsin and the District of Delaware agree not to seek further charges against the defendant for incidents or criminal actions known to them at the time of the plea agreement. Plea Agreement, Docket No. 8, ¶21.

During the pre-sentence interview, Propst spoke candidly about his involvement in the instant and previous similar offenses. PSR ¶37. "The defendant

indicated his conduct is fueled by his methamphetamine use," and stated that this type of conduct only occurs when he is "strung out on meth." *Id*. He denied having thoughts of actually raping, killing, or hurting anybody, and further advised he experiences guilt and remorse once the methamphetamine has worn off.

### III. History and Characteristics of the Defendant

Propst is 46 years old. He was the only child born to his parents, and was a resident of Florida until 2006. He briefly lived in Portage, Wisconsin, and moved to Green Bay in 2010. PSR ¶91.

Propst grew up in central Florida and was raised by his mother. His parents divorced when he was approximately nine years old, and afterward he had minimal contact with his father. Propst recalled physical and verbal abuse from his mother on a regular basis. PSR ¶93. By the time Propst had turned 15, he began smoking marijuana and traveling with a group of friends who even he termed to be poor influences. PSR ¶95.

Propst's mother agrees that he began using drugs at age 16 and shortly thereafter began to get in trouble. PSR ¶98. She does not think he is a bad person, but that "there is just something sinister inside him that comes out when he is on the meth." *Id*. She believes that the defendant's drug addiction issues and underlying mental health issues have derailed his life. PSR ¶99.

Propst has never been married, but does have two children from a previous relationship. PSR ¶103. The children are ages 10 and 5, and though his relationship with their mother ended in 2014, Propst contends that he has tried to spend time with his children even though his interaction with them and their mother has been limited. PSR ¶103.

Propst received a high school diploma in Florida. PSR ¶132. Propst obtained his commercial driver's license in 1995, which he has maintained to date. PSR ¶134. The PSR details a long-term history as a truck driver from 1996 through 2019. PSR ¶¶138 - 152.

Propst has long-standing mental health issues for which he has been treated over the past 30 years. PSR ¶111. The PSR indicates treatment starting as early as age 13 for family and behavioral counseling. After previous convictions for similar offenses, Propst received mental health treatment in 1999 and 2001 and received a variety of diagnoses. PSR ¶¶111 - 113. As noted in the PSR, "The defendant advised he is hopeful that the term of incarceration will further aid him with his addictions, and offer him both cognitive and empathy-based treatment as well." PSR ¶119.

Propst detailed a long and varied drug abuse history found at paragraphs 120 to 131 of the PSR. Though he has tried mostly everything, Propst

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

acknowledged that methamphetamine has been the most problematic drug for him. PSR ¶127. Propst reported frequent use of methamphetamine, and stated that his methamphetamine use is at the center of his involvement in this case and in his past similar conduct. PSR ¶127. Propst regrets that he ever began to use drugs and that regret is followed closely by remorse for the inappropriate telephone calls he made. ¶119.

**IV.  Sentencing Options**

   18 U.S.C. § 3553(a)(3) directs that the Court consider the kinds of sentences available in making the sentencing decision. The sentences available in this case are as follows:

- A. A statutory sentencing range of zero to 12 years imprisonment (five years each for counts one and three, and two years for count four) pursuant to 18 U.S.C. § 875(c) and 47 U.S.C. 223(a)(1)(C); *see also* PSR ¶157.

- B. An advisory sentencing guideline range of 24 to 30 months, based on an offense level of 13 and a criminal history category of IV. PSR ¶158.

- C. Pursuant to the terms of the plea agreement, the parties are free to argue for any sentence between 60 and 120 months. Docket No. 8, ¶20. The Court is not bound by the recommendations of the parties. *Id*. at ¶22.

## V. Argument

The 60-month sentence proposed by Propst would provide respect for the law. It is longer by 19 months than his prior federal sentence of 41 months (PSR ¶78), and is twice the advisory guideline range. To recommend less would not be realistic, and probably would not appropriately address the seriousness of the offense, given that this is not Propst's first conviction. But a 60-month sentence doesn't ignore the behavior and doesn't ignore the prior record. It provides increased punishment for Propst, and sends the message (both specifically and generally) that repeating the same behavior results in longer terms of incarceration. Whether inside or outside of the system, any observer would note that Propst's sentences for this type of behavior have gone progressively upward. That makes sense. Absent circumstances not present here, a defendant can't commit the same crime and reasonably expect to get less time for it. Because a 60-month sentence is longer than his prior terms, it provides a specific deterrent to Propst as well as a deterrent message to others that repetitive behavior results in a more serious punishment.

A 60-month sentence protects the public, as would the term of supervised release that will follow. No sentence provides perfect protection, and the desire to protect the public has to be tempered by reality and proportionality.

In our efforts to prevent all recidivism, we can't lock up everybody for everything forever. No sentence can ensure that nothing bad will ever happen ever again. Even the maximum sentence available here (for which no one is advocating) would mean that Propst would eventually be released from prison. Protection of the public comes from more than just fences and walls. It also comes from treatment and supervision. Custodial treatment can help Propst with his drug and mental health problems, and supervision can continue that treatment. Supervision can further monitor Propst's behavior in the community after he is released. The proposed conditions of supervision are specifically related to the case and the history of the defendant, so they also serve to protect the public.

Propst needs AODA treatment, particularly regarding his use of methamphetamine. His use is intertwined with his criminal history, and it seems that one doesn't happen without the other. With such longstanding problems, treatment won't be easy. But treatment begins (and practically, has already begun) with the enforced sobriety of being in custody. Then, given his history, Propst would obviously qualify for the Bureau of Prisons long-term inpatient drug treatment program (RDAP). The five-year sentenced proposed by counsel is long enough for Propst to enter and complete RDAP, so a longer sentence is not necessary for treatment purposes. Following custody, the proposed conditions of

supervised release would continue both AODA and mental health programming. Put together, a five-year sentence with three years of supervised release provides sufficient treatment.

Prevention of sentencing disparity is a contradictory policy in this case. Defense counsel's recommendation (60 months) is double the top end of the advisory guideline range (30 months), so that recommendation would seem to promote disparity, at least in relation to the guidelines. But the recommendation of 60 months is not made only in relation to the guidelines. It is a practical realization that this is not the defendant's first offense of this type, and it is a realistic appraisal of what could be a reasonable sentence given the facts of the case and the defendant's history. In the legal sense, those facts are already taken into account by the guideline range. After all, the Guideline Manual assesses both the offense conduct (including relevant conduct) and the criminal history of the defendant. So with everything considered, and after an increase under the grouping rules, the range found by the Guidelines is 24-30 months. A sentence within that range would be presumptively reasonable. *See generally United States v. Ramirez-Fuentes*, 703 F.3d 1038, 1049 (7th Cir. 2013); *United States v. Thomas*, 520 F.3d 729, 735 (7th Cir. 2008). But again, counsel realizes that a sentence within the guideline range may not be reasonable in practice, as it would be incongruous to

recommend a sentence lower than the defendant's previous federal term (41 months in 2002; *see* PSR ¶78) for the same type of offenses. While 60 months may be disparate in relation to the guidelines, it is a reasonable non-disparate term in practice.

Just as the plea agreement limits the defendant to requesting a sentence no lower than 60 months, it also limits the government to requesting a sentence no higher than 120 months. Docket No. 8, ¶20. The Court is not bound by the recommendations of the parties. *Id*. at ¶22. In arguing for a sentence of 60 months, counsel is also arguing against a sentence higher than that. Counsel's recommended sentence of 60 months is, again, double the top end (30 months) of the advisory guideline range. If the government asks for 120 months, that would be double again, or four times the advisory guideline range. Counsel does not know the government's actual recommendation as of this filing, but assumes that it will be greater than 60 months. So continuing in the vein of disparity and reasonableness, counsel suggests that a sentence longer than 60 months would be greater than necessary to accomplish the goals of sentencing.

A sentence longer than 60 months risks punishing Propst for what he didn't do. Returning briefly to the facts, Propst made harassing and threatening phone calls, some sexual in nature, some not. But they were phone calls. He did

not have actual contact with any victim. Sentencing Propst to a term above 60 months runs the risk of sentencing him as if he had actual contact with a person. As reprehensible as the calls were, they were calls, not contact offenses. A sentence greater than 60 months would be disproportionate to the offense.

Propst stands convicted of two counts of threatening telephone calls and one count of harassing telephone calls. The parties' recommendations span a range between 60 and 120 months. A reasonable sentence is a range, not a point, and the Court can sentence Propst anywhere between zero and 12 years imprisonment. The sentencing statute requires that the sentence provide just punishment, and the length of that punishment is for the Court to decide. Counsel for Propst argues that a sentence of 60 months would be just, fair, and sufficient to meet the goals of sentencing. It punishes Propst, more than any of his prior sentences. It deters him and others. It is proportional to the facts of the case and recognizes his prior record. It is long enough to provide residential treatment within the BOP, and the term of supervised release requires additional follow-up treatment. The full sentence, both in and out of custody, protects the public for a long time. Overall, 60 months in custody with three years of supervised release is sufficient to meet the sentencing factors found in § 3553(a).

## VI. Conclusion

Therefore, based on the grounds listed above and upon those to be argued orally at the sentencing hearing, counsel for Propst respectfully requests that the Court impose a sentence of five years (60 months) incarceration to be followed by three years of supervised release. Counsel requests that the Court decline to impose a fine as Propst does not have the financial ability to pay. Counsel requests that the Court recommend the 500-hour residential drug abuse program (RDAP), and that the judgment contain a placement recommendation for Oxford or as close to Green Bay as possible.

Dated at Green Bay, Wisconsin, July 4, 2019.

Respectfully submitted,

**s/ Tom Phillip**
Tom Phillip, Bar #1023113
Attorney for Defendant
Federal Defender Services of Wisconsin, Inc.
801 E. Walnut Street, Second Floor
Green Bay, Wisconsin 54301
Tel:   920-430-9900
Fax:   920-430-9901
tom_phillip@fd.org

C:\Users\tphillip\Desktop\Propst Sent Memo FINAL.docx