UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 19-CR-20

MICHAEL J. PROPST,

        Defendant.

---

## SENTENCING MEMORANDUM

---

The United States of America, by Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Daniel R. Humble, Assistant United States Attorney, hereby files this sentencing memorandum in support of the Government's recommendation at the sentencing hearing scheduled for July 8, 2019. The defendant entered pleas of guilty to counts one, three, and four of the indictment contrary to Title 18, United States Code, Section 875(c) and Title 47, United States Code, Section 223(a)(1)(C). He faces up to 12 years imprisonment and $750,000 in fines.

### FACTS

The Government agrees with the facts as presented in the Pre-Sentence Investigation Report ("PSR").

### GUIDELINE RANGE

It also concurs with the finding of the Pre-Sentence Investigation that there is a combined total offense level of 13, a criminal history category of IV, with a corresponding guideline range of 24 to 30 months. The government believes the guidelines in this

particular case fail to adequately capture the incredibly concerning and repeated nature of the defendant's actions. The plea agreement in this case specifically recognizes the failure of the guidelines to encompass the true nature of the defendant's criminal conduct, as the parties agreed to argue for a sentence of imprisonment between 60 and 120 months, well above the applicable guidelines.

## 18 U.S.C. §3553(a) FACTORS

While the Court must consider the sentencing guidelines, to achieve a just sentence in this case the Court must focus on the factors set forth in 18 USC § 3553(a). The relevant factors in this case are as follows.

(1) **The nature and circumstances of the offenses and the history and characteristics of the defendant**.

The nature and circumstances of Mr. Propst's actions are extremely deviant and no doubt beyond the comprehension of the average member of this society. For approximately 20 years, Mr. Propst has satisfied his base sexual desires by feeding off the fear of concerned individuals, especially daycare workers, who answer his calls and emotionally react to his simulated scenario of child rape and abduction. His actions have affected an untold number of victims in at least fifteen states spanning from Florida to Nebraska (PSR, ¶11).

Looking beyond the repulsive nature of Mr. Propst's telephone calls, the Court should see a person of extremely questionable character and morality. His former girlfriend, M. N., with whom he was in a ten-year romantic relationship "believes the defendant is infatuated with having sex with children." (PSR, ¶105). She remembers Mr. Propst making comments "about moving to a country where sex with children is legal" and she recalled seeing "images of naked children and videos of rape on his cell phone." (PSR, ¶105). Though their

relationship ended in 2014, at least a portion of her statements appear to be corroborated by the presence on his cell phone of "approximately 10,000 images, described as a tremendous amount of pornographic images mixed with a vast amount of images of children under the age of 5 using various training toilets," upon his arrest in 2018. (PSR, ¶19).

M.N. describes Mr. Propst as being both mentally and physically abusive to her and states that the defendant "hates authority figures, and was teaching his children to hate police, teachers, and black people." (PSR, ¶104). Most concerning are the allegations that Mr. Propst sexually assaulted N.M.'s daughter. (PSR, ¶62,63). The government possesses limited details regarding that alleged assault, though it expects that both M.N. and her daughter will appear at sentencing to address the court and speak to the defendant's history and character.

In short, Mr. Propst's offenses are shocking and serious, and his history and character reflect an individual with few pro-social characteristics or ability to comply with legal or societal norms.

    (2)    **The need for the sentence imposed:**

        (A)    **to reflect the seriousness of the offense, to promote respect for the law**, **and to provide just punishment for the offense**;
        (B)    **to afford adequate deterrence to criminal conduct;**
        (C)    **to protect the public from further crimes of the defendant**.

The government believes that the above listed factors require that the defendant receive a sentence of 120 months imprisonment. As stated above, Mr. Propst has engaged in unlawful and anti-social behavior going back 20 years. As reflected in the PSR, Mr. Propst has engaged in essentially the same criminal activity since his arrest in February of 1999, in Polk County, Florida. Over the next three years, he would continue to pick up local charges

for his obscene and harassing telephone calls centered around child abduction and rape. Finally, in 2002, federal prosecutors in the Middle District of Florida stepped in and convicted the defendant of 13 counts of "making obscene telephone calls" and "making annoying and harassing telephone calls." As a result, he was sentenced to 41 months in federal prison. Presumably, the time he spent in federal prison represents a lacuna in his telephonic criminal activity. It is important to note that he failed to successfully complete a sexual offender treatment program while housed at FCI-Butner. (PSR, ¶115).

Soon after his release, it appears that Mr. Propst began his ten-year relationship with M.N. During that decade spent in a relationship with Mr. Propst, M.N. noted that he would "engage in conduct similar to the instant offense when under the influence of drugs." (PSR, ¶104). That relationship would end in 2014.

In March of 2014, Mr. Propst was arrested in Michigan as a result of a "multi-state attempt to locate the defendant" after he made obscene and harassing calls to a veterinary clinic in Harford, Maryland. (PSR, ¶80). By this time Mr. Propst was once again on the radar of federal investigative authorities in the District of Delaware for numerous obscene and harassing telephone calls.

Finally, in June of 2018, Mr. Propst would use a stolen cell phone to commit the crimes for which he is currently before the Court awaiting sentencing.

With the exception of those stretches of time when he was incarcerated, Mr. Propst has spent the better part of 20 years engaging in criminally obscene and harassing phone calls for no reason other than his own deviant sexual gratification. Nothing in Mr. Propst's criminal record or his character should lead the Court to believe that he will ever be deterred from engaging in similar behavior in the future. It is clear that he does not respect the rights

of others and possesses anti-social tendencies which require lengthy incarceration to protect the public from him.

The government counts 41 state and federal criminal charges of which Mr. Propst has been convicted since February of 1999. (PSR ¶¶65-83). The vast majority of those convictions are based on telephone calls made to daycares, schools, and other businesses during which Mr. Propst claimed the abduction and rape of a young child for the purposes of gratifying his sexual urges. The 41-month prison sentence he received in the Middle District of Florida in 2002 should have sent a strong message of deterrence to him, but it did not. The government urges the Court to put a stop to the defendant's aberrant and abhorrent criminal behavior by imposing a sentence of 120 months incarceration. Though a lengthy sentence will not guarantee that Mr. Propst modifies his behavior in the future, it will provide almost a decade of protection for the public, will reflect the seriousness of the offenses he has committed, promote respect for the law, and provide just punishment for Mr. Propst and his history of criminal and abnormal behavior.

Dated at Green Bay, Wisconsin, this 5th day of July, 2019.

Respectfully submitted,

MATTHEW D. KRUEGER
United States Attorney

By: s/ Daniel R. Humble
DANIEL R. HUMBLE
Assistant United States Attorney